909 F.2d 1484
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry RIGGSBEE, Plaintiff-Appellant,
v.
George WILSON; Glenn Haeberlin, Deputy Warden; W. Adams;
T. Barnes; Joe H. Stuart; E. Frazier; Morgan,
Deputy Warden, Defendants-Appellees.
 No. 89-6453.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1990.
 
 Before BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges; and LIVELY, Senior Circuit Judge.
 
 
 1
 Larry Riggsbee, a Kentucky state prisoner, requests the appointment of counsel on appeal from the district court's order denying his Fed.R.Civ.P. 60(b) motion for relief from an earlier order and dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Riggsbee sued several employees of the Kentucky Corrections Cabinet for injunctive, declaratory, and monetary relief. His complaint alleged that he had been denied due process in a prison disciplinary hearing in which he was found guilty of receiving money under false pretenses and ordered to pay restitution of $650.00. The district court granted defendants' motion for summary judgment on the claim that there was insufficient evidence to support the finding of guilt and on the challenge to defendants' authority to order restitution. However, it agreed with plaintiff's assertion that the statement of findings and reasons for the adjustment committee's action was insufficient. It remanded the case to the committee and ordered it to either hold a new hearing or supplement its statement. The district court stated that the case would be dismissed after compliance with this order.
 
 
 3
 The adjustment committee subsequently opted to supplement its statement. Plaintiff then moved for relief from the earlier order under Fed.R.Civ.P. 60(b), arguing that he should have received a new hearing, as well as damages and costs. The district court denied this motion and dismissed the case. This appeal followed.
 
 
 4
 Upon consideration, we find no error. There was some evidence in the record to support the adjustment committee's finding of guilt. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Plaintiff was precluded from challenging the order of restitution in this action as he had already presented that exact issue in a state court proceeding. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Nor did the district court abuse its discretion in denying Riggsbee's Rule 60(b) motion for relief from the earlier order. Cf. In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986). The relief provided in this case was sufficient, as due process did not require the committee's reasoning to be recorded contemporaneously. See Hensley v. Wilson, 850 F.2d 269, 283 (6th Cir.1988).
 
 
 5
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.